UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RHODNEY DEAN SMITH,<br><br>          Petitioner,<br><br>          v.<br><br>SIRCOYA WILLIAMS, Warden<br>California Medical Facility,<br><br>          Respondent. | No. 5:26-cv-01659-WLH-JDE<br><br>ORDER TO SHOW CAUSE WHY THE FIRST AMENDED PETITION SHOULD NOT BE DISMISSED |

**I.**

**INTRODUCTION**

On April 6, 2026, the Court received from Rhodney Smith ("Petitioner"), a state detainee at the California Medical Facility, located in Vacaville, California, proceeding pro se, a "Petition for Writ of Habeas Corpus," facially directed to "the Supreme Court of the State of California," purporting to challenge a state court criminal conviction and sentence of 30 years to life "entered on July 5, 2023." Dkt. 1 ("Petition"). After reviewing the Petition, on April 9, 2026, the Court issued an Order to Show Cause Why the Petition Should Not Be Dismissed Under Rule 4 of the Rules Governing Section 2254

Cases in the United States District Courts ("Habeas Rules"), finding the Petition appeared to be "mixed" and sought relief as to some grounds that were not cognizable, among other defects, and directing Petitioner to, within 30 days, either (i) show cause in writing why the Petition should not be dismissed under Habeas Rule 4; or (ii) file an amended petition if Petitioner believed the identified defects could be cured. Dkt. 3 ("Order"). The Order concluded:

> **Petitioner is cautioned that a failure to respond timely in compliance with this Order could result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b).**

Id. at 9-10. Petitioner did not file a timely response to the Order, and as such, on May 22, 2026, the undersigned issued a Report and Recommendation, recommending that the action be dismissed without prejudice under Habeas Rule 4. Dkt. 5 ("Report"). On June 1, 2026, Petitioner filed Objections to the Report. Dkt. 6. On June 2, 2026, Petitioner filed a First Amended Petition. Dkt. 7 ("FAP"). Although not timely filed (see Dkt. 3 at 7-8), the undersigned accepted the FAP as the operative petition in this action and vacated the Report. Dkt. 8.

Having reviewed the FAP in accordance with Rule 4 of the Habeas Rules, the undersigned finds the FAP remains "mixed," including both exhausted and unexhausted claims, and rendering it subject to dismissal. As such, the Court orders Petitioner to respond as set forth further below.

## II.

## PROCEDURAL HISTORY

In 2023, a jury in the Riverside County Superior Court found Petitioner guilty of two counts of oral copulation with a child aged 10 or younger, and

the trial court sentenced him to 30 years to life in prison. See FAP at 1; People v. Smith, 2025 WL 2158633, at *1-2. Petitioner appealed his conviction to the California Court of Appeal. Smith, 2025 WL 2158633, at *1. On July 30, 2025, the state appellate court affirmed the conviction and sentence, rejecting Petitioner's challenges to the trial court's: (1) introduction of out-of-court statements without a limiting instruction; (2) introduction of expert testimony regarding child sexual abuse accommodation syndrome ("CSAAS"); (3) using CSAAS jury instructions that differed from California pattern instructions on the issue; and (4) use of jury instructions regarding reliance on the testimony of a single witness. Id. at *2-10. A Petition for Review was denied by the California Supreme Court on October 15, 2025. Appellate Courts Case Information ("Appellate Courts") at https://appellatecases.courtinfo.ca.gov. Petitioner indicates in the FAP that he did not file any habeas petitions in state courts regarding the conviction. See Pet. at 3.

### III.

### PETITIONER'S CLAIMS

Petitioner asserts the following grounds for relief in the FAP: (1) improper admission of out-of-court statement and failure to give limiting instruction; (2) use of CSAAS evidence and corresponding CALCRIM No. 1193 instruction violated Fourteenth Amendment; (3) prosecution's use of CSAAS testimony violated due process; (4) ineffective assistance of counsel for failure to object to the court's instructional errors and challenge the use of CSAAS testimony; and (5) ineffective assistance of counsel for failing to show pictures and medical record. Pet. at 5-6, 9-10 (CM/ECF pagination).

### IV.

### DISCUSSION

Under Rule 4 of the Habeas Rules, the Court must "promptly examine" the FAP and any attached exhibits, and if it plainly appears that the petitioner

3

is not entitled to relief, the Court must dismiss the action. See also Mayle v. Felix, 545 U.S. 644, 656 (2005). As repeatedly advised, under 28 U.S.C. § 2254(b)(1), habeas relief may not be granted unless Petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. A habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). The exhaustion requirement "reduces friction between the state and federal court systems by avoiding the unseem[liness] of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." Alfaro v. Johnson, 862 F.3d 1176, 1180 (9th Cir. 2017) (alteration in original) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)).

Exhaustion requires a petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless both its operative facts and federal legal theory on which it is based is set forth. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. See, e.g., Williams v. Craven, 460 F.2d

4

1253, 1254 (9th Cir. 1972) (per curiam).

Here, despite notice of this requirement, the FAP remains partially unexhausted. In particular, Petitioner concedes he has not raised Ground Five in the California Supreme Court in either a petition for review or habeas petition. Petitioner does not claim an exception to the exhaustion requirement exists. As such, the FAP is "mixed," and subject to dismissal on this basis.

Courts have the discretion to stay a wholly unexhausted or mixed petition in "limited circumstances" so that a petitioner may present his unexhausted claims to the state courts without losing his right to federal habeas review due to the one-year statute of limitations. See Rhines v. Weber, 544 U.S. 269, 273-77 (2005); Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016); Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008). Under Rhines, 544 U.S. at 277-78, a court may stay a petition if petitioner can show: (a) he has good cause for his failure to exhaust his claims; (b) the unexhausted claims are potentially meritorious and not "plainly meritless"; and (c) there is no indication that petitioner engaged in abusive litigation tactics or intentional delay. Alternatively, courts may grant stays under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (as amended), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), which does not have the Rhines good cause requirement. King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). Under a Kelly stay, a petitioner must dismiss his unexhausted claims and ask the court to stay any remaining fully exhausted claims while he returns to state court to exhaust his dismissed claims. However, a petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. Id. at 1140-41.

Here, Petitioner has not requested a stay under Rhines and/or Kelly, despite notice of this process in both the Order and Report. Further, Petitioner

indicates he does not have any state habeas petitions pending in state court. See Pet. at 8. As such, the Petition must be dismissed as partially unexhausted.

## V.

## ORDER

For the foregoing reasons, the FAP is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE, in writing, by **no later than thirty (30) days from the date of this Order**, why this action, all or in part, should not be dismissed under Habeas Rule 4 for failing to exhaust Ground Five. To the extent Petitioner contends he has exhausted his state court remedies as to all of his claims asserted in the FAP, Petitioner is directed to provide information regarding his efforts to exhaust Ground Five in the state courts and attach copies of any documents establishing that Ground Five is indeed exhausted.

Alternatively, if Petitioner desires to proceed with Grounds One through Four only, with Ground Five voluntarily dismissed, Petitioner may file a one-page "Notice of Election" indicating that he would like to proceed with Grounds One through Four only, with Ground Five voluntarily dismissed without prejudice, with the understanding that the dismissed claim may be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1). If Petitioner elects to voluntarily dismiss Ground Five, the Court will direct Respondent to file an Answer to the FAP as so limited.

**Petitioner is cautioned that a failure to respond timely in compliance with this Order will result in this action being dismissed for the foregoing reasons, for failure to prosecute, and/or for failure to comply with a Court order. See Fed. R. Civ. P. 41(b).**

Dated: June 16, 2026_____

_____
JOHN D. EARLY
United States Magistrate Judge

6